UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY LEROY STANLEY
(MDOC #326530),

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,

    Defendant.
_____/

Case No. 19-mc-50967

HON. DENISE PAGE HOOD

# ORDER DENYING PETITION FOR RULE 6(e) INVESTIGATION FOR FAILURE TO SEEK LEAVE TO FILE PAPERS AS AN ENJOINED FILER, DIRECTING CLERK TO ADD THIS VERSION OF NAME TO ENJOINED FILER LIST, UNSEALING CASE and CLOSING MISCELLANEOUS ACTION

Plaintiff Johnny Leroy Stanley, a/k/a Johnnie L. Stanley, Johnnie Stanley, Johnny Stanley, filed the instant Petition for Rule 6(e) Investigation. The Clerk's Office docketed Stanley's filing as a sealed miscellaneous action which resulted in a bypass of previously-filed orders in this District enjoining Stanley from future filings without permission. In addition, Stanley used a different version of his first name

"Johnny" in this filing which also apparently resulted in the Clerk Office's failure to pre-screen this case as an "Enjoined Filer" case under a previously-used name of "Johnnie" Stanley. A review of previous filings with the name "Johnny" Stanley or "Johnnie" Stanley shows that both names have the same Michigan Department of Corrections Inmate Number of "326530."[1]

In the most recent Order addressing a miscellaneous action filed by Stanley raising issues regarding grand jury matters, the Honorable Avern Cohn in *Stanley v. U.S. Department of Justice,* Case No. 19-mc-50917, stated,

> Moreover, in another prior case, in which Stanley appears to have sought the same relief as in this case, another judge in this district ruled:
>
> > IT IS FURTHER ORDERED that any future filings by Stanley shall be made pursuant to a court order seeking leave to file and shall be accompanied by a copy of the present order. The Clerk's Office is directed to reject any filing by Stanley which does not comply with these instructions. The district court will review Stanley's filings and shall certify whether or not the filing has been made in good faith. If the district court determines that the filing is not made in good faith, the Clerk's Office is directed to return the material to Stanley unfiled.
>
> *Stanley v. U.S. Dept. of Justice*, 15-12259 (sic)(Case No. 15-122*6*9)(sic) (E.D. Mich. Apr. 21, 2017) (Opinion and Order Denying Plaintiff's Motion for Reconsideration and Motion to Consolidate) (Doc.34).

---

[1] Other cases the undersigned found filed by either "Johnny" Stanley or "Johnnie" Stanley in this District: 1) 99-mc-70172-GER; 2) 02-73705-JCO; 3) 04-71098; 4) 07-13114; 5) 08-14237-DPH; 6) 09-12202-VAR; 7) 15-12147-MOB; 8) 15-12269-SJM; 9) 18-10207-PDB; and, 10) 19-50917-AC.

> As noted above, the Clerk's office docketed Stanley's filing as a miscellaneous action which apparently resulted in a bypass of the Court's order regarding future filings. Be that as it may, it is clear that Stanley did not comply with the order in Case No. 15-12259 (sic)(Case No. 15-122*6*9). Having reviewed Stanley's filing, his "motion" is not brought in good faith and is part of what (an)other judge in this district has called a futile request "to seek relief where none exists." *Stanley v. Liebsen*, No. 09-12202 (E.D. Mich. May 4, 2011) (Order Denying Motion for Leave). As such, the complaint is subject to dismissal on this ground.

*Stanley,* Case No. 19-mc-50917, Order, ECF No. 2. Because Stanley failed to follow the directions by previously-filed orders in other cases he filed to seek permission, the Court denies any requested relief filed in this matter. In addition, the Court finds the relief sought by Stanley in this instant Petition has been previously raised in his other filings and is not brought in good faith.

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); see also, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers,* 141 F.3d at 269. A district court need only impose "a conventional prefiling review requirement." *Id.* The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access

3

to courts of law. See *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. See e.g., *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

Accordingly,

IT IS ORDERED that the Petition (ECF No. 1) is DENIED and DISMISSED and this Miscellaneous Action is CLOSED.

IT IS FURTHER ORDERED that any motions and requests (ECF Nos. 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16) are DENIED.

IT IS FURTHER ORDERED that the Clerk is directed to add the name "Johnny" Stanley (or any version of Stanley's first name) to the already designated enjoined filer name of "Johnnie" Stanley so that any future filings by Stanley may be pre-screened by the Clerk's Office.

IT IS FURTHER ORDERED that this ORDER be filed UNSEALED and the Case No. 19-mc-50967 be UNSEALED.

                                                                             s/Denise Page Hood
                                                                             DENISE PAGE HOOD
                                                                             Chief United States District Judge

DATED: July 6, 2021